UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENNIFER DAVIS,

                        Plaintiff,

    -against-                                     3:21-CV-00605 (LEK/DJS)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,

                        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This Social Security action comes before the Court following a Report-Recommendation and Order filed on July 26, 2022, by the Honorable Daniel J. Stewart, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 23 ("Report & Recommendation"). Plaintiff Jennifer Davis timely filed objections to the Report & Recommendation on August 5, 2022. Dkt. No. 24 ("Plaintiff's Objections"). Defendant Acting Commissioner Kilolo Kijakazi timely filed a response to Plaintiff's Objections. Dkt. No. 26 ("Defendant's Amended Response").[1]

**II.    BACKGROUND**

Plaintiff alleges disability since January 1, 2016. Dkt. No. 10-2 at 14. Plaintiff filed for a period of disability and disability insurance benefits on January 12, 2016. Id. at 25. After the Appeals Council of the Social Security Administration remanded Plaintiff's claim to an

---

[1] Defendant's original response to Plaintiff's Objections was deficient, Dkt. No. 25, but Defendant cured this by filing the aforementioned Amended Response.

Administrative Law Judge ("ALJ"), id. at 14, the ALJ found that Plaintiff "was not disabled under sections 216(i) and 223(d), respectively, of the Social Security Act through December 31, 2017, the last date insured." Id. at 25.[2] Additionally, the ALJ found that Plaintiff "has been disabled under section 1614(a)(3)(A) of the Social Security Act beginning on February 2, 2020." Id. at 26.[3] In so doing, the ALJ found that Plaintiff was eligible for supplemental security income. See 42 U.S.C. §§ 1381 et seq.

On May 25, 2021, Plaintiff filed a Social Security appeal in the U.S. District Court for the Northern District of New York pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Dkt. No. 1 ("Complaint"). After that dispute was fully briefed, Judge Stewart issued his Report & Recommendation assessing the ALJ's "finding that Plaintiff was not disabled for purposes of a claim for disability insurance benefits, but that Plaintiff was disabled for purposes of her claim for supplemental security income." R. & R. at 1. As Judge Stewart observed: "Plaintiff raises two claims of error: (1) the ALJ erred at step five of the sequential analysis in finding that there were available jobs Plaintiff could perform, and (2) the ALJ erred in[ ]the evaluation of Dr. Justine Magurno's consultative medical opinion." Id.

Judge Stewart noted that "Defendant now concedes that this matter must be remanded because the ALJ failed to properly explain his evaluation of Dr. Magurno's opinion" and that "Defendant concedes that some limitations in the opinion of Dr. Magurno conflict with the RFC [('Residual Functional Capacity')]." Id. For these reasons, Judge Stewart recommended "remand for consideration of Dr. Magurno's opinion . . . ." Id.

---

[2] See Social Security Act, § 216(i), 42 U.S.C. § 416(i); Social Security Act, § 223(d), 42 U.S.C. § 423(d).

[3] See Social Security Act, § 1614(a)(3)(A), 42 U.S.C. § 1382c(a)(3)(A).

In addition, Judge Stewart stated that "Plaintiff also allege[d] error at step five" of the sequential evaluation process. Id. at 2. Judge Stewart "agree[d] with Defendant that since remand is necessary for a proper evaluation of Dr. Magurno's opinion, 'the RFC and the available jobs may well change upon remand.'" Id. Accordingly, Judge Stewart stated that '[t]he Court cannot address the parties' arguments regarding whether the ALJ's analysis at step five was based on substantial evidence in the record because the ALJ did not properly assess Plaintiff's RFC, which is necessarily intertwined with the analysis of jobs available to Plaintiff." Id. (quoting Van Dyne v. Saul, No. 20-CV-260, 2021 U.S. Dist. LEXIS 63666, at *55 n.14 (E.D.N.Y. Mar. 31. 2021)).

Thus, Judge Stewart recommended vacating the ALJ's decision, and remanding the matter pursuant to 42 U.S.C. § 405(g) for further proceedings. R. & R. at 2. Judge Stewart also indicated that his "recommendation that remand is warranted relies, in part, on Defendant's express representation that on remand the ALJ's determination regarding Plaintiff's eligibility for supplemental security income will not be altered." Id. at 2 n.2.

### III.   LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made

3

> by the magistrate [judge]. The judge may also receive further evidence or recommit the matter to the magistrate [judge] with instructions.

28 U.S.C. § 636(b)(1). Additionally, "[a] party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also L.R. 72.1(c). "When specific objections are made to a magistrate judge's report-recommendation, the Court makes a '*de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Felix-Torres v. Graham, 687 F. Supp. 2d 38, 45 (N.D.N.Y. 2009) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)). That "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original); see also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to whom the objection is made must review the record and magistrate's recommendations, and must make a de novo determination of the facts and legal conclusions, receiving additional evidence and rehearing witnesses at his or her discretion. The district judge must not be a rubber stamp." (footnote omitted)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

In the context of Social Security appeals, "[a] court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied." Samantha S. v. Comm'r of Soc. Sec., 385 F. Supp. 3d 174, 180 (N.D.N.Y. 2019). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Poupore v. Astrue, 556 F.3d 303, 305 (2d Cir. 2009) (per curiam) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In addition, "[a] court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence." Berringer v. Comm'r of Soc. Sec., 358 F. Supp. 2d 67, 72 (N.D.N.Y. 2005). "The Second Circuit has explained that upholding a determination based on the substantial evidence standard where the legal principles may have been misapplied 'creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.'" Brothers v. Colvin, 233 F. Supp. 3d 320, 324 (N.D.N.Y. 2017) (quoting Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)).

## IV.   DISCUSSION

Plaintiff indicates in her Objections:

> Plaintiff does not object to a portion of the Magistrate Judge's Recommendation which states that any remand for further proceedings will not alter the ALJ's determination regarding Plaintiff's eligibility for supplemental security income, with the understanding that the Agency may alter its finding as to Plaintiff's eligibility for supplemental security income from January 1, 2016 to February 1, 2020 and may not alter its findings as to Plaintiff's eligibility for supplemental security income from February 2, 2020 to such a time that may be determined in a separate continuing disability review conducted in accordance with 20 C.F.R. §416.990.

Pl.'s Objs. at 1 (citation omitted). Defendant states in her response: "The Commissioner has agreed that the favorable portion of the ALJ's June 4, 2020 decision, finding Plaintiff disabled as

5

of February 2, 2020, will not be changed on remand." Def.'s Am. Resp. at 4 n.1. Defendant also indicates that "Plaintiff's understanding of the scope of remand is correct, 'the Agency may alter its findings as to Plaintiff's eligibility for Supplemental Security Income from January 1, 2016 to February 1, 2020 and may not alter its finding as to Plaintiff's eligibility for Supplemental Security Income from February 2, 2020 to such a time that may be determined in a separate continuing disability review.'" Id. (quoting Pl.'s Objs. at 1). Based on these assertions, the Court adopts Judge Stewart's recommendation that "on remand the ALJ's determination regarding Plaintiff's eligibility for supplemental security income will not be altered[,]" R. & R. at 2 n.2, with regard to Plaintiff's eligibility for supplemental security income from February 2, 2020, to such time as determined in a separate continuing disability review. On remand, the ALJ's findings as to Plaintiff's eligibility for supplemental security income may only be altered with respect to Plaintiff's claims falling between January 1, 2016, and February 1, 2020.

      Plaintiff's specific objection focuses on Judge Stewart's finding "that since remand is necessary for a proper evaluation of Dr. Magurno's opinion, the RFC and the available jobs may well change upon remand[,]" which Plaintiff asserts "implicitly rejected Plaintiff's request that the case be remanded with a directed finding of disability for determination of a calculation of benefits." Pl.'s Objs. at 2 (citation omitted). According to Plaintiff, "the issue with the ALJ's assessment of Dr. Magurno's opinion was exclusively related to the physical health limitations that Dr. Magurno provided. Meanwhile, the issue with the Step Five finding was that there were an insufficient number of jobs when properly applying the mental health limitations included in the RFC." Id. (citation omitted). Accordingly, Plaintiff argues: "It is unclear how the ALJ would either i) find more available jobs when finding more physical health limitations based on Dr. Magurno's opinion (and thus reducing Plaintiff from less-than-sedentary work to not-even-

sedentary work) or ii) find less physical health limitations based on Dr. Magurno's opinion." Id. (citation omitted). The Court conducts a de novo review of this portion of the Magistrate Judge's Report & Recommendation. See 28 U.S.C. § 636(b)(1).

Defendant counters by stating that Plaintiff's "argument ignores that if the ALJ ultimately finds more physical restrictions based on Dr. Magurno's opinion (not necessarily the same restrictions), the vocational expert may well identify different jobs, which may have different mental as well as physical requirements." Def.'s Am. Resp. at 2. For this reason, Defendant asks the Court to adopt this portion of the Magistrate Judge's Report & Recommendation.

"The Social Security Act outlines a five step evaluation process that is to be utilized by the ALJ in determining whether an individual is disabled." Brouillette v. Astrue, 901 F. Supp. 2d 328, 334 (N.D.N.Y. 2012) (Kahn, J.) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). "[A]t Step Four of the analysis, the ALJ must determine Plaintiff's RFC." Brouillette, 901 F. Supp. 2d at 335 (citing 20 C.F.R. § 404.1520(a)(4)(iv), (e); 20 C.F.R. 416.920(e)).

> RFC is what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 SSR LEXIS 5, at *5).

> RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.

Duquette v. Saul, No. 19-CV-00526, 2020 U.S. Dist. LEXIS 94990, at *27 (D. Conn. May 31, 2020) (quoting SSR 96-8p, 1996 SSR LEXIS 5, at *5 (S.S.A. July 2, 1996)). "Ultimately, the RCF is used to determine whether an individual can perform past work." Brouillette, 901 F. Supp. 2d at 335 (citing 20 C.F.R. § 404.1545(a)(5)(i)).

"If . . . it is concluded that the individual, based on her RFC cannot perform past work, the ALJ utilizes the RFC to evaluate Step Five to render whether the individual can adjust to other work that exists in the national economy." Brouillette, 901 F. Supp. 2d at 335 (citing 20 C.F.R. § 404.1545(a)(5)(ii)). "'[I]f the claimant shows that [her] impairment renders [her] unable to perform [her] past work, the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." Melville, 198 F.3d at 51 (quoting Carroll v. Sec'y of Health and Hum. Servs., 705 F.2d 638, 642 (2d Cir. 1983)). An ALJ's assessment at Step Five has two prongs. "First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience." Brouillette, 901 F. Supp. 2d at 335 (citing 20 C.F.R. § 404.1520(a)(4)(v)). "Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform." Brouillette, 901 F. Supp. 2d at 335 (citing 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g), 404.1520(g)).

In this case, in the context of the RFC, the ALJ found Dr. Magurno's "assessment to be *well supported by the medical record*, which shows some, but not total, physical limitations for claimant and therefore *assigns this assessment significant weight*." Dkt. No. 10-2 at 20 (emphasis added). As Judge Stewart noted: "Defendant concedes that some limitations in the opinion of Dr. Magurno conflict with the RFC." R. & R. at 1; see also Dkt. No. 22 at 5 ("Defendant's Brief"). In her assessment, Dr. Magurno found that Plaintiff could sit for three (3) hours total in an eight

8

(8) hour work day. Dkt. No. 10-7 at 669. Dr. Magurno's assessment would counsel in favor of finding that Plaintiff would not be able to carry out "sedentary work" in which "sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1984 SSR LEXIS 30, at *13 (S.S.A. 1983); see also Ferraris v. Heckler, 728 F.2d 582, 587 n.3 (2d Cir. 1984) ("We do suggest . . . that the ALJ, when determining whether Ferraris is capable of sedentary work, take into consideration the Ruling referred to above [SSR 83-10], as well as Wright v. Secretary of the Department of Health and Human Services, No. Civ. 81-3963 (E.D.N.Y. July 12, 1983) (six hours sitting required for sedentary work), and cases cited therein."). However, the ALJ found that Plaintiff "has the residual capacity to perform sedentary work[,]" Dkt. No. 10-2 at 18–19, and "can sit for 6 hours of an 8-hour workday . . . ." Id. at 19 (emphasis omitted).

      A similar circumstance arose previously in Petersen v. Astrue, in which the court stated:

> While there is some evidence in the record supportive of the ALJ's RFC assessment, the ALJ afforded "great weight" to Dr. Magurno's opinion. However, Dr. Magurno's opinion did not support the RFC assessment. Moreover, the ALJ failed to recognize the contradiction and failed to note other evidence more credible than Dr. Magurno's opinion. This Court cannot re-weigh the evidence on the ALJ's behalf or create a post-hoc explanation for the fact that he gave great weight to an opinion that contradicted his RFC assessment.

2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) (footnote omitted), report and recommendation adopted, 2 F. Supp. 3d 223 (N.D.N.Y. 2012). Likewise, in this case, the Court cannot reassess the evidence on behalf of the ALJ despite the inconsistencies in the ALJ's RFC determination.[4] Because the ALJ did not explain why Dr. Magurno's assessment was not credited with respect to

---

[4] The Court can only speculate that the ALJ may have based this finding on the assessment of Dr. Darius Ghazi, who found Plaintiff could "sit for 6 hours of an 8-hour workday." Dkt. No. 10-2 at 21 (citation omitted). However, in contrast to Dr. Maguro's assessment, the ALJ found Dr. Ghazi's "assessment only partially consistent with the medical record" and "assign[ed] this assessment only partial weight." Id.

9

Plaintiff's capacity to sit during the workday, despite the fact that the ALJ assigned Dr. Magurno's assessment significant weight, the Court adopts the Magistrate Judge's Report & Recommendation to the extent that it remands this matter for the limited purpose of reconsideration of Dr. Magurno's opinion with respect to Plaintiff's physical limitations.

In so doing, the Court finds that there is a useful purpose served by remand. "If no 'useful purpose would be served . . . by a remand' of a Social Security dispute, a court may remand with a directed finding of disability and order the calculation of benefits." LaVenture v. Berryhill, No. 17-CV-0443, 2018 U.S. Dist. LEXIS 131452, at *10 (N.D.N.Y. Aug. 6, 2018) (Kahn, J.) (quoting Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)); see also Martinez v. Barnhart, 262 F. Supp. 2d 40, 49 (W.D.N.Y. 2003) ("Where the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose, a remand for calculation of benefits is appropriate."). "No useful purpose exists, for example, '[w]here the reversal is based solely on the [Commissioner's] failure to sustain [her] burden of adducing evidence of the claimant's capability of gainful employment,' and the Commissioner would not be able to offer additional evidence in support of her position during subsequent proceedings." LaVenture, 2018 U.S. Dist. LEXIS 131452, at *10 (internal quotations omitted) (quoting Balsamo v. Chater, 142 F.3d 75, 82 (2d Cir. 1998)).

Plaintiff argues that upon remand it would be difficult for the ALJ's reconsideration of Dr. Magurno's assessment to "find less physical health limitations based on Dr. Magurno's opinion[,]" Pl.'s Objs. at 2, especially in light of the significant weight the ALJ gave to Dr. Magurno's assessment, Dkt. No. 10-2 at 20. Plaintiff also asserts that reconsideration of Dr. Magurno's assessment would be "exclusively related to the physical health limitations that Dr. Magurno provided" while "the issue with the Step Five finding was that there were an

10

insufficient number of jobs when properly applying the mental health limitations included in the RFC." Pl.'s Objs. at 2. At this point in time, the Court finds that there would be a useful purpose for remand, and it is not yet proper to direct a finding of disability for determination of a calculation of benefits, as requested by Plaintiff. Id.

Defendant argues that "the vocational expert may well identify different jobs, which may have different . . . physical requirements." Def.'s Am. Resp. at 2. While Plaintiff asserts that it is "unclear" how Defendant could show that there is other gainful work in the national economy which the claimant could perform at Step Five, Pl.'s Objs. at 2, the Court cannot yet conclude that this obstacle is insuperable for Defendants. Therefore, the Court finds that Defendant should have the opportunity to prove at Step Five that a different constellation of jobs may exist that Plaintiff could perform based on the different physical requirements determined by the ALJ on remand after reconsideration of Dr. Magurno's assessment. The Court thus adopts the Magistrate Judge's Report & Recommendation to the extent that it remands to the ALJ for reevaluation at Step Five based on the reconsideration of the RFC in light of Dr. Magurno's assessment. Defendant asserts that "the vocational expert may well identify different jobs, which may have different mental as well as physical requirements." Def.'s Resp. at 2 (emphasis added). The Court emphasizes that remand to the ALJ for reconsideration of the RCF based on Dr. Magurno's assessment shall deal exclusively with *physical* requirements. Remand shall **not** deal with mental requirements. Thus the hypothetical vocational expert discussed by Defendant will have to identify jobs by applying the mental health limitations already included in the existing RCF.

Plaintiff also objects to Judge Stewart's Report & Recommendation by arguing: "In the event that the Court reads the Magistrate Judge's Recommendation as indicative of accepting

Defendant's argument concerning jobs requiring a GED Reasoning Level of 3, Plaintiff asserts that the authorities cited by Defendant are inapposite." Pl.'s Objs. at 2 (citation omitted). Plaintiff states that "the ALJ's RFC limited Plaintiff to jobs requiring 'little or no judgment' *in addition to* 'simple duties' and short learn time, as opposed to a generic limitation to simple or unskilled work." Id. at 2–3 (emphasis in original). Plaintiff asserts: "A plain language comparison of the DOT [('Dictionary of Occupational Titles')] definitions and RFC shows that the RFC precludes work requiring more than 'detailed but uninvolved instructions." Id. at 3 (emphasis in original). According to Plaintiff: "GED Reasoning Level of 2 requires 'detailed but uninvolved' instructions, and GED Reasoning Level of 3 requires more than this."). Plaintiff also emphasizes that

> the ALJ afforded significant weight to, and found well-supported, Dr. [Amanda] Slowik's October 2019 opinion. This opinion stated that Plaintiff had marked limitation in her ability to understand, remember, or apply complex directions and instruction. Complex is more than 'detailed but uninvolved.' Plaintiff's marked limitation in these activities precludes the jobs of call center operator and credit card clerk.

Id. at 3 (emphasis in original).

Defendant seeks to counter by asserting that "[t]he call center operator and credit card clerk jobs are both GED reasoning level three, which requires an employee to '[a]pply commonsense understanding to carry out instructions in written, oral, or diagrammatic form. Deal with problems including several concrete variables in or from the standardized situations." Def.'s Resp. at 3 (citing DICOT 237.367-014; DICOT 205.367-014). However, Defendant argues that ultimately this debate between the parties is moot because "the RCF and vocational expert's testimony may well change depending on how the ALJ evaluates Dr. Magurno's opinion on remand." Id. at 4.

As noted above, the Court adopts the Magistrate Judge's Report & Recommendation to the extent that it remands to the ALJ for reconsideration of the RCF based on Dr. Magurno's assessment of Plaintiff's physical limitations, but remand to the ALJ shall not deal with reassessing mental limitations. Plaintiff's objections at this point focus on the specific jobs which the ALJ found Plaintiff could perform based on her physical and mental limitations, which was an inquiry undertaken at Step Five. However, the Court reiterates the case cited by Judge Stewart, which stated that "[t]he Court cannot address the parties' arguments regarding whether the ALJ's analysis at step five was based on substantial evidence in the record because the ALJ did not properly assess Plaintiff's RFC, which is necessarily intertwined with the analysis of jobs available to Plaintiff." Van Dyne, 2021 U.S. Dist. LEXIS 63666, at *55 n.14. As a result, the Court cannot engage in assessing Plaintiff's objections to these jobs at this time.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report & Recommendation is **APPROVED AND ADOPTED, with modification**, insofar as it recommends remanding this action for further proceedings for the limited purpose of reconsideration of the RFC based on Dr. Magurno's assessment of Plaintiff's physical limitations and for reevaluation at Step Five in light of this reconsideration of the RFC. On remand the ALJ's determination regarding Plaintiff's eligibility for supplemental security income shall not be altered with respect to Plaintiff's eligibility for supplemental security income from February 2, 2020, to such time as determined in a separate continuing disability review. On remand, the ALJ's findings as to Plaintiff's eligibility for supplemental security income may only be altered with regard to Plaintiff's claims falling between January 1, 2016, and February 1, 2020; and it is further

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED in part**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability be **VACATED** and the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[5] for further proceedings in accordance with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 20, 2022
Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

[5] Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).